1 **WO**

2
3
4
5

6 IN THE UNITED STATES DISTRICT COURT
7 FOR THE DISTRICT OF ARIZONA

8

| | | |
|---|---|---|
| Aaron T. Sutherlin, | ) | No. CV 04-1676-PCT-PGR (JCG) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Joe Richards, et al., | ) | |
| Defendants. | ) | |

On August 12, 2004, the Plaintiff filed a pro se Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Defendants filed a Motion for Summary Judgment (Doc. 14) on March 30, 2005, under Rule 56 of the Federal Rules of Civil Procedure. On April 29, 2005, after the Plaintiff failed to respond to the Defendants' motion, Magistrate Judge Guerin ordered the Plaintiff to file a response to the Defendants' Motion for Summary Judgment on or before May 27, 2005. See Docket No. 16. Judge Guerin further noted that the Court would resolve the pending motion based on the previously filed pleadings if the Plaintiff failed to respond. Through Judge Guerin's Order, the Plaintiff was warned that summary judgment could be entered against him and his case dismissed if he failed to submit his own evidence in opposition. As of the date of this Order, the Plaintiff has not submitted a response, nor has he filed any document with the Court explaining his failure to do so.

1     Rule 56 informs a litigant what he or she must do in order to oppose a motion for
2 summary judgment. Generally, summary judgment must be granted when there is no genuine
3 issue of material fact – that is, if there is no real dispute about any fact that would affect the
4 result of the case, the party who seeks summary judgment is entitled to judgment as a matter
5 of law.  Entry of such a judgment ends a case.  When a party sued makes a motion for
6 summary judgment that is properly supported by declarations (or other sworn testimony), the
7 Plaintiff may not simply rely on allegations in the Complaint.  Instead, the Plaintiff must set
8 forth specific facts in declarations, depositions, answers to interrogatories, or authenticated
9 documents, as provided in Rule 56(e), that contradict the facts shown in the Defendant's
10 declarations and documents and show that there is a genuine issue of material fact for trial.
11 In other words, the Plaintiff's facts must be set forth in the form of a sworn affidavit or other
12 admissible evidence.  <u>See</u> Rule 56, Fed. R. Civ. P.  If the Plaintiff fails to submit his own
13 evidence in opposition, summary judgment may be entered against him and his case will be
14 dismissed.  <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998), <u>cert. denied</u>, 527 U.S. 1035
15 (1999). Furthermore, Rule 7.2(i) of the Court's Local Rules of Civil Procedure states that "if
16 a party does not serve and file the answering memoranda . . ., such non-compliance may be
17 deemed a consent to the . . . granting of the motion and the court may dispose of the motion
18 summarily."  Accordingly,
19     IT IS ORDERED that the Defendants' Motion for Summary Judgment (Doc. 14) is
20 GRANTED.
21     DATED this the 26th day of September, 2005.


Paul G. Rosenblatt
United States District Judge